***********
The undersigned have reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Gregory and the briefs and arguments of the parties. The appealing party has not shown good ground to reconsider the evidence, receive further evidence, rehear the parties or their representatives, or amend the Opinion and Award.
 ***********
The Full Commission finds as a fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the Workers' Compensation Act.
2. The employer-employee relationship existed on or about November 22, 1992.
3. The employer is insured by Liberty Mutual.
4. The parties stipulated into evidence a pretrial agreement, an August 20, 2002 Order Approving Compromise Settlement Agreement bearing a fax stamp and the hand-written initials "GG" as well as eight pages of documents including correspondence and the August 20, 2002 Order without the fax stamp.
 ***********
Based upon all of the competent evidence of record the Full Commission makes the following:
 FINDINGS OF FACT
1. On November 22, 1992, plaintiff sustained an injury by accident when she turned her left ankle while working as a volunteer for Mt. Ulla Bear Volunteer Fire Department.
2. On May 9, 2002, the parties in this case entered into a Compromise Settlement Agreement ("Agreement") to resolve plaintiff's workers' compensation claim against defendants for consideration of NINETY FIVE THOUSAND AND 00/100 DOLLARS ($95,000.00), out of which FIVE THOUSAND AND 00/100 DOLLARS ($5,000.00) was advanced to plaintiff and TWENTY-THREE THOUSAND SEVEN HUNDRED FIFTY AND 00/100 DOLLARS ($23,750.00) was approved for plaintiff's counsel as attorney's fees. Due to the advance to plaintiff, the total amount due plaintiff including attorney's fees once the Agreement was approved by the Commission was NINETY THOUSAND AND 00/100 DOLLARS ($90,000.00).
3. The Agreement was approved by Special Deputy Commissioner Elizabeth M. "Lacy" Maddox by Order filed on August 20, 2002 ("Order"). While plaintiff's counsel received a copy of the Order via facsimile from the Commission on August 20, 2002, neither defense counsel nor his staff received the Order approving the Agreement until September 25, 2002 when plaintiff's counsel faxed a copy of the Order to Myra Hensley, defense counsel's legal assistant. Defense counsel's law firm's procedure is that all faxes received by the mailroom for defense counsel are forwarded directly to Ms. Hensley. Furthermore, although the original Order in the Commission's file denotes a stamp stating "faxed", with a date of August 20, 2002 and with the initials "GG", the Commission file does not contain a fax confirmation sheet or any other evidence indicating that defense counsel's law firm's mail room actually received the Order or that defense counsel was otherwise on notice that the Agreement had been approved by the Commission or that the settlement monies were due until contact from plaintiff's counsel via facsimile on September 24, 2002, which was not received until September 25, 2002 as the letter was not faxed until after 6:30 p.m. Thereafter, Ms. Hensley responded and left a voice mail for plaintiff's counsel on September 25, 2002 notifying her that the August 20, 2002 order had not been received. Consequently, plaintiff's counsel faxed the Order to Ms. Hensley who received the Order on September 25, 2002.
4. On August 20, 2002, the Executive Secretary's Office's policy for faxing orders did not include obtaining a confirmation of receipt for orders but instead the policy was for Mr. Griffin, who primarily faxed orders constantly for the majority of the day, to stamp and initial documents after faxing them to the parties and receiving a "green light" and "cheerful tone" from the machine indicating a successful transmission. According to Executive Secretary Weaver, the large volume of faxes, approximately 800 per month, prevented obtaining a confirmation sheet on all faxes. Regardless of standard policies to help ensure proper receipt by the parties, both Executive Secretary Weaver and Mr. Griffin indicated that there were occasions when faxes were not sent or not received by a party or the parties.
5. Upon receipt of the Order faxed from plaintiff's counsel on September 25, 2002, Ms. Hensley faxed a copy to defendant-carrier's adjuster Terry McCorkle in order for the settlement funds to be distributed. Ms. McCorkle was not asked to expedite the funds, as there was no concern of late payment as it was assumed by defendants that the time for payment would run from September 25, 2002 and not August 20, 2002. Ms. McCorkle did not recall requesting payment pursuant to this particular Order but indicated that typically, she would handle settlement orders the day they arrived and in no case later than 10 days after receipt. Ms. McCorkle would take the orders to a payment department where checks are requested by computer and then cut in New Hampshire after midnight and mailed the following morning. The two (2) settlement checks in this case, one for plaintiff and one for plaintiff's counsel's attorney's fees, were mailed on approximately October 1, 2002 and received by plaintiff at the latest on October 6, 2002, eleven (11) days after defendants through defense counsel's firm received actual notice that the Agreement had been approved by the Commission.
6. On October 2, 2002, plaintiff through counsel filed a "Motion for Penalties and Interest" with Executive Secretary Weaver alleging that defendants failed to comply with the Commission Order approving the Agreement within thirty-nine (39) days, pursuant to the legal time limit all parties thought to be in effect on that date. However, the statute in place at the time of the August 20, 2002 order was later interpreted by case law to allow only twenty-four (24) days instead of thirty-nine (39) days. Defendants through counsel responded to plaintiff's motion via letter dated October 15, 2002 informing Executive Secretary Weaver that plaintiff's counsel was made aware on September 25, 2002 that defendants had not received a copy of the Order approving the Agreement.
7. By Order filed July 14, 2003, Executive Secretary Tracey Weaver denied plaintiff's Motion for Penalties and Interest, holding that defendants' late payment was excused pursuant to N.C. Gen. Stat. § 97-18(g) in that defendants did not make the payment due to circumstances beyond their control and that thereafter, when the Order was brought to defendants' attention, payment was issued within 5 to 6 days, which was calculated to be 3 days beyond the 39 day time period. However, case law following the July 14, 2003 order holds that the time period is actually 24 days instead of 39. Nevertheless, the crucial issue is that the time period for late payment does not begin to run until an order is received
by defendants or their agent, which in the instant case is the defense law firm. Here, defendants' law firm did not receive the August 20, 2002 order until September 25, 2002. While receipt by the mail room in the law firm is sufficient and it is no defense that a particular attorney handling the case did not receive the Order, the greater weight of the evidence indicates that the law firm or its mail room in this case did not receive the Order in question until September 25, 2002. This fact was omitted from the July 14, 2003 order. Nevertheless, the order correctly denied plaintiff's motion, albeit on other grounds.
8. The greater weight of the evidence of record demonstrates that defendants did not receive the Order of August 20, 2002 until September 25, 2002. Accordingly, plaintiff has failed to prove by the greater weight of the evidence grounds for assessing penalties against defendants for late payment of settlement funds in this claim as the settlement proceeds were timely paid by defendants.
9. This workers' compensation action involved substantial questions of both fact and law, and the prosecution and defense of the action was not stubborn, unfounded or litigious.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission concludes as follows:
 CONCLUSIONS OF LAW
1. As defendants did not receive notice of the Order approving Compromise Settlement Agreement until September 25, 2002, plaintiff has failed to prove by the greater weight of the evidence that defendants' payments pursuant to the Order were late within the meaning of the Act for the purpose of an assessment of late payment penalties, even considering a 24 day time period. N.C. Gen. Stat. §§ 97-18; 97-17.
2. Plaintiff is not entitled to an assessment of a late payment penalty pursuant to N.C. Gen. Stat. § 97-18(g).
3. The prosecution of this claim was reasonable and not based on stubborn unfounded litigiousness, and therefore defendants are not entitled to attorney's fees pursuant to N.C. Gen. Stat. § 97-88.1.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 AWARD
1. Plaintiff's claim for late payment penalties against defendants is hereby DENIED.
2. Each side shall bear its own costs.
This the 7th day of December 2004
 S/_______________ DIANNE C. SELLERS COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
DCS/mb